# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8844 | **DATE** | 12/20/2011 |
| **CASE TITLE** | Johnson vs. White, et al | | |

**DOCKET ENTRY TEXT**

We grant Plaintiff's application to proceed *in forma pauperis* (4) and deny her motion for appointment of counsel. (5). It is so ordered. The Clerk of the Court is directed to issue summons and complaint to the U.S. Marshal's Service for service on defendants.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Reserved for use by the Court)

## ORDER

     Presently before us is Plaintiff Tasia Johnson's application to proceed *in forma pauperis* and motion for appointment of counsel for her complaint against her former employer, Ernie White and A&R Security. Before granting leave to file *in forma pauperis*, we must first determine whether or not Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of Plaintiff's complaint and dismiss the action if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires "that a complaint contain 'enough facts to state a claim that is plausible on its face.'" *Moore v. F.B.I.*, No. 07-1294, 2008 WL 2521089, at *1 (7th Cir. June 25, 2008) (quoting *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *see also George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007).

     In support of her allegation of poverty, Plaintiff submitted the required financial affidavit. She states that she is not currently employed, but does not state the ending date of her last employment. (Aff. ¶ 2.) Plaintiff states that she has received $318 in welfare payments during the past twelve months. (*Id*. ¶4.) She further states that she has no additional sources of income, no assets, and no bank accounts containing more than $200. (*Id*. ¶¶ 4–7.)

     In addition, Plaintiff states that Linda Johnson, Plaintiff's mother with whom she shares a residence, received $36,000 in wages during the past twelve months. (*Id*. ¶4.) Her mother also owns a single family home worth $119,000, but has no equity in the home, and owns an automobile worth $6,115. (*Id*. ¶ 7.) However, absent evidence that Plaintiff's mother is legally responsible for Plaintiff, we will not take her assets into account in determining Plaintiff's financial status. *See e.g. United States v. Scharf*, 354 F. Supp 450, 452 (E.D. Pa. 1973) ("Assets of relatives who have no legal responsibility for petitioner's welfare, such as the parents of an emancipated child, should not be considered in determining whether the petitioner should be allowed to proceed

| STATEMENT |
|---|

*in forma pauperis*."); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).  We thus find that Plaintiff has established indigence.

We must next review the sufficiency of the complaint. Plaintiff alleges that A&R Security subjected her to discrimination in violation of Title VII of the Civil Rights Act of 1964.  Specifically, she alleges that she suffered sexual discrimination and retaliation.  Plaintiff attached to the complaint her EEOC right to sue letter as well as Special Occurrence Reports submitted to her employer, the defendant, during her employment.  Examining her allegations, we find that Plaintiff has sufficiently stated a claim to survive this stage of litigation.

Turning finally to Plaintiff's motion for appointment of counsel, there is a threshold requirement that an individual make a reasonable effort to secure counsel, or show that she was effectively precluded from doing so, before presenting a request for appointment.  *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007).  We typically require a litigant to submit documentation that demonstrates her efforts and the refusal of various attorneys to accept her case.  In her motion, Plaintiff states she contacted only the Chicago Legal Clinic and alleges that she has been unable to find counsel due to "no money, unemployed, unable to pay."  We cannot conclude that this satisfies the "reasonable effort" requirement, particularly under the circumstances of this case.  Indeed, plaintiffs in employment discrimination cases are often able to find attorneys to represent them on a contingency basis or for a modest fee.  Furthermore, Plaintiff offers no evidence that she is precluded from searching further or that her case is particularly complex at this stage.

We therefore grant Plaintiff's application to proceed *in forma pauperis* and deny her motion for appointment of counsel.  It is so ordered.