UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TASIA A. JOHNSON,                                  )<br>                                                                ) <br>           Plaintiff,                                 )<br>                                                                )<br>    vs.                                                    )<br>                                                                )<br>A & R SECURITY SERVICES, INC.,         )<br>and ERNIE WHITE, an individual,             )<br>                                                                )<br>           Defendants.                            )<br>                                                                ) | Case No. 11 C 8844 |

## MEMORANDUM AND ORDER

MARVIN E. ASPEN, District Judge:

### Introduction

Plaintiff Tasia Johnson ("Johnson") filed an employment discrimination action against her former employer, A & R Security Services, Inc. ("Defendant A & R"), and Ernie White ("Defendant White"). Presently before us is Defendant White's motion to dismiss, which argues that: (1) Johnson failed to name him in her charge with the Equal Employment Opportunity Commission ("EEOC"); and (2) he is not Plaintiff's "employer" as defined by Title VII of the Civil Rights Act of 1964 ("Title VII"). For the reasons set forth below, we grant the motion.

### Background

From May 3, 2007 through sometime before Johnson filed this claim in the district court on December 13, 2011, Defendant A & R, an Illinois security guard services corporation, employed Johnson as a Security Officer. (Compl. at 11, 14.) The complaint does not explain the

1

type of employment relationship Johnson had with Defendant White. However, in one of the supporting documents, Johnson indicated "Cpl. White filed a false write up stating Security Officer Neal and myself is [sic] disobeying his orders . . . ." (*Id*. at 6.) Also, Johnson's colleague, Security Officer Gloria Neal, refers to Cpl. Orr, who has the same title as Defendant White, as her "superior." (Resp. at 11.) Defendant White further identifies himself as Johnson's supervisor. (Mem. at 2.)

During her employment, Johnson alleges that Defendant White sexually harassed her. (Compl. at 11; Resp. at 6–7.) Johnson placed multiple formal complaints regarding Defendant White with A & R, and Johnson contends that these actions led A & R to retaliate against her in various ways. (Compl. at 11.) First, she argues that her schedule was cut from forty hours to twenty-four hours a week. (*Id*. at 12.) Johnson tried to resolve this matter by speaking to Sam Miller, the Division Manager, Sandra Bradley, the Schedule Manager, and Penny Green, the Human Resource Manager, but her efforts were to no avail. (*Id*. at 11.) During this time, Johnson alleges that Defendant A & R hired multiple new security officers and placed them on forty-hours-a-week schedules. (*Id*. at 12.) Second, on July 31, 2009, Johnson claims that she was falsely accused of shopping while on duty, and without conducting a proper investigation or communicating with her, Defendant A & R removed her from her original work location, suspended her, and placed her on a ninety-day probation. (*Id*. at 9.)

On July 8, 2009, Johnson filed with the EEOC charges of sex discrimination and retaliation. (*Id*. at 14.) The charge named Defendant A & R, but did not name Defendant White. (*Id*.) On September 19, 2011, the EEOC completed its investigation and notified her that she had a right to file a lawsuit within ninety days. (*Id*. at 15.) On December 13, 2011, Johnson,

2

proceeding *pro se*, filed this action against both Defendant A & R and Defendant White alleging a single count of sex discrimination in violation of Title VII. (*Id*. at 1, 3.) Plaintiff attached to the complaint her EEOC right to sue letter as well as Special Occurrence Reports submitted to Defendant A & R during her employment.[1]

**Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.,* 634 F.3d 901, 903 (7th Cir. 2011); *Thompson v. Ill. Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002). Pursuant to Federal Rule of Civil Procedure Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, a court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); *see Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (extending *Twombly* from anti-trust to litigation generally and stating that a court's determination "whether a complaint states a plausible claim for relief will . . . be a context-specific task"); *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010); *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618–19 (7th Cir. 2007); *EEOC v. Concentra Health*

---

[1] On December 21, 2011, we granted her motion to proceed in *forma pauperis* and denied her motion to appoint counsel. (Dkt. No. 6.)

*Servs., Inc.,* 496 F.3d 773, 776–77 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.

Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S. Ct. at 1949; *Twombly,* 550 U.S. at 555, 127 S. Ct. at 1964–65 (holding that a sufficient complaint must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action"); *Killingsworth,* 507 F.3d at 618–19. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *see also* Fed. R. Civ. P. 8(a).

## ANALYSIS

**A.     A party whose name is not included in an EEOC charge cannot be included as a defendant.**

Defendant White argues that he is not named in Johnson's charge with the EEOC, and therefore, he cannot be sued in district court. It is a basic principle of employment discrimination law that a plaintiff may not sue a defendant in federal court unless she has first presented her claim to the EEOC. *See Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991); *Schnelbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981). The

4

requirement of filing with the EEOC is "a prerequisite to suit." *Maxey v. Thompson*, 680 F.2d 524, 526 (7th Cir. 1982); *see* 42 U.S.C. § 2000e-5(f)(1) ("A civil action may be brought against the respondent named in the charge"). The purpose of the requirement is two-fold: (1) to notify the charged party of the alleged violation; and (2) to facilitate the party's voluntary compliance with the mandates of Title VII. *See*, *e.g.*, *Schnelbaecher*, 887 F.2d at 126; *Eggleston*, 657 F.2d at 905.

However, the Seventh Circuit has recognized an exception to the general requirement, commonly referred to as the "Eggleston exception." Under this exception the EEOC charge will be sufficient to confer jurisdiction over "an unnamed party [who] has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Eggleston*, 657 F.2d at 905. This exception flows from the Act's remedial purposes and requires that "charges are to be construed with 'utmost liberality' and parties sufficiently named or alluded to in the factual statement are to be joined." *Eggleston*, 657 F.2d at 906 (citing *Jenkins v. Blue Cross Mut. Hosp. Ins. Inc.*, 538 F.2d 164, 166–68 (7th Cir. 1976)). Moreover, because Johnson is proceeding *pro se*, we have a responsibility to construe her complaint liberally. *Donald v. Cook City Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). However, Johnson did not raise the Eggleston exception in the complaint or in her response to the motion, and there is no indication that Defendant White was provided adequate notice or an opportunity to participate in conciliation. *See Eggleston*, 657 F.2d at 905. Therefore, Defendant White cannot be included as a defendant in this proceeding.

**B.      A supervisor or co-worker, as an individual, is not liable under Title VII.**

Defendant White also argues that, as Johnson's supervisor, he is not an "employer" under Title VII, and therefore, he cannot be held liable. Under Title VII, an "Employer" is a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b); *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 212, 117 S. Ct. 660, 666 (1997). There are no facts suggesting that Defendant White fits the definition of "employer." Although Johnson's complaint is vague, the record is clear that Johnson and Defendant White were not in an employer-employee relationship. Security Officer Neal, who holds the same position as Johnson, refers to another individual with the same title as Defendant White as her "superior." (Compl. at 6.) Defendant White also refers to himself as Johnson's supervisor. (Mem. at 2.) "Because a supervisor does not, in his individual capacity, fall within Title VII's definition of employer, [Johnson] can state no set of facts which would enable her to recover under the statute" as against Defendant White. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *see also Smith v. Bray*, 681 F.3d 888, 895 n.2 (7th Cir. 2012) (Title VII "authorizes suit only against the employer as an entity rather than against individual people who are agents of the employer."); *Shafer v. Kal Kan Foods, Inc.*, 417 F.3d 663, 665 (7th Cir. 2005) ("Title VII does not deal with co-workers' torts; it addresses discrimination by employers."); *Taylor v. Illinois Dept. of Corrections*, Case No. 11 C 7433, 2012 WL 669061 at *1 (N.D. Ill. Feb. 29, 2012) ("An agent of an employer is not individually liable."). Therefore, Defendant White, acting as an individual and not an employer, is not liable under Title VII.

## Conclusion

For the foregoing reasons, Defendant White's motion to dismiss is granted. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: July 24, 2012